NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2642
_____

UNITED STATES OF AMERICA

v.

JUAN MOTA,

Appellant

_____

On Appeal from the District Court of the Virgin Islands
(D.C. Nos. 3-00-cr-00722-001 and 3-04-cv-00071)
District Judge: Curtis V. Gomez

_____

Submitted Under Third Circuit LAR 34.1(a)
May 6, 2010

Before:   SMITH, CHAGARES and JORDAN, *Circuit Judges.*

(Filed: May 11, 2010)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Juan Mota appeals from a judgment of the District Court of the Virgin Islands of

the United States sentencing him to ten years' imprisonment.  His attorney has filed a

brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Third Circuit Local

Appellate Rule 109.2(a) claiming that this appeal presents no non-frivolous issues and seeking leave to withdraw. For the reasons that follow, we will affirm the District Court's judgment of sentence and grant counsel's motion to withdraw.

## I.    Background

On November 18, 2000, Mota and his co-conspirator, Jesus Espirito Santo, were arrested after United States Customs agents foiled their attempt to smuggle cocaine into the Virgin Islands on a small motorboat. Their arrests occurred after a brief chase, during which the vessel they had been using collided with a craft operated by Customs agents and then filled with water and capsized. The agents eventually retrieved the men and 160 bricks of cocaine from the water. In all, the cocaine weighed approximately 191 kilograms when wet.[1]

Both men were named as defendants in a two-count indictment filed in the District Court. Mota and Santo entered into plea negotiations with the government and ultimately agreed to plead guilty to count one, which charged both men with "knowingly and intentionally conspir[ing] ... to possess with intent to distribute more than five kilograms of cocaine" in violation of 21 U.S.C. §§ 841 and 846. (App. at 2.) The government agreed to dismiss the second count.[2]

---

[1] The record contains no dry weight for the drugs.

[2] Count two alleged that Mota and Santo "did knowingly possess with intent to distribute more than five kilograms of cocaine" in violation of 21 U.S.C. § 841. (App. at 3).

The offense to which Mota and Santo pled guilty carried with it a mandatory minimum sentence of ten years' imprisonment and a maximum sentence of life imprisonment. As part of the plea agreement, the government agreed to recommend a sentence of ten years. The plea agreement, including the sentencing recommendation, was to be binding at sentencing, provided that the District Court accepted the plea.[3]

The District Court accepted the plea and instructed the probation office to prepare a pre-sentence report prior to the sentencing hearing. During the pre-sentence investigation, Mota told the probation officer that he was in fact innocent. He claimed that, on the night of his arrest, he had not been present on the boat carrying the illicit drugs but had actually been fishing in another boat with a friend. He indicated that his fishing boat was inadvertently destroyed by the Customs agents during their pursuit of the actual drug smugglers and that, when the agents pulled him from the water, they

---

[3] The plea agreement was executed pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure. The provision governing the agreement now appears at Rule 11(c)(1)(C) and states:

> [A] plea agreement may specify that an attorney for the government will ... agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement.).

FED. R. CRIM. P. 11(c)(1)(C)

mistakenly identified him as the person they had been chasing. The actual smugglers, he claimed, successfully eluded the agents.

At the sentencing hearing, the District Court expressed concern over the statements that Mota had made to the probation officer. However, Mota did not request to withdraw his guilty plea, nor did he assert to the Court that he was innocent of the crime to which he had pled guilty. Further, counsel for both Mota and the government agreed that the evidence against Mota was "overwhelming" (App. at 61, 63) and that no basis existed for the withdrawal of his plea.

During his allocution, Mota expressed displeasure with his trial counsel and stated that he wanted to be represented at sentencing by another attorney whom he had already contacted. However, that attorney was not actually present at the hearing, and neither Mota nor his counsel of record could identify any reason warranting substitution of counsel. Therefore, the Court denied the request and sentenced Mota to a term of imprisonment of ten years, in accordance with the plea agreement.

Mota wished to appeal, but his trial attorney failed to do so in a timely manner. Mota filed a *pro se* motion pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel. The District Court conducted a hearing in connection with that motion, at which Mota was represented by a second attorney. The Court granted Mota's motion, re-sentenced him, and he then filed this timely appeal. Thereafter, Mota's second attorney

filed the *Anders* brief before us now, claiming that no non-frivolous issues remain to be heard on appeal and seeking leave to withdraw.

## II.    Discussion[4]

Under Third Circuit Local Appellate Rule 109.2(a), "[w]here, upon review of the district court record, counsel is persuaded that [an] appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*." In considering whether to grant the relief sought by an *Anders* brief, our inquiry is "twofold: (1) whether counsel adequately fulfilled the ... requirements [of Rule 109.2(a)]; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

To satisfy Rule 109.2(a), an *Anders* brief must (1) "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," and (2) "explain why the issues are frivolous." *Id*. Counsel has submitted to our Court a seventeen-page brief, complete with citations to the record, recounting the factual and procedural background of the case. The brief convinces us that counsel has thoroughly examined the record in search of appealable issues.

---

[4] The District Court had jurisdiction under 18 U.S.C. § 3231 and 48 U.S.C. § 1612(a). Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Counsel's inspection of the record led him to identify three potentially appealable issues: (1) whether Mota was unaware of the implications associated with his choice to plead guilty, thus rendering his plea deficient; (2) whether the Court abused its discretion by failing to conduct a more searching inquiry into Mota's guilt after he indicated to the probation officer that he was innocent; and (3) whether the sentence was reasonable. Counsel's *Anders* brief adequately illustrates the frivolity of each of these issues.

Counsel first contends, and we agree, that Mota's plea could not support a non-frivolous appeal because the District Court conducted a satisfactory colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure, which illustrates that Mota's plea was knowing and voluntary. *See Parke v. Raley*, 506 U.S. 20, 28 (1992) (explaining that, to be valid, a "guilty plea must be both knowing and voluntary."). Mota conceded that his plea was his "own free and voluntary act" (App. at 50), and the Court ensured that Mota understood his trial rights before accepting his guilty plea. Mota could not maintain an appeal challenging the validity of his plea because the colloquy shows that he understood the various options available to him and, in light of that knowledge, chose to plead guilty anyway. *See Park*, 506 U.S. at 29 (indicating that a knowing and voluntary plea is one that "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant" (quotations omitted)).

We also concur with counsel's assessment that the District Court did not err by proceeding with sentencing despite Mota's sudden claim of innocence to the probation

officer. The government's evidence placed Mota red-handed at the scene of the crime. After a boat chase destroyed the vessel within which Mota and his co-conspirator were traveling, Customs agents pulled him from the water, where he had been floating alongside 160 bricks of cocaine. Indeed, his trial counsel properly described the evidence against him as "overwhelming." (App. at 61.) Moreover, Mota admitted to this criminal conduct at the time of his guilty plea and never actually asserted his innocence directly to the Court. Under these circumstances, the District Court had no cause to believe that any fair and just reason existed for the withdrawal of Mota's guilty plea. *See* FED. R. CRIM. P. 11(d) ("A defendant may withdraw a plea of guilty ... after the court accepts the plea, but before it imposes sentence if ... the defendant can show a fair and just reason for requesting the withdrawal."); *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (explaining that a court must consider three factors when determining whether a fair and just reason for withdrawal exists: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal.").

Finally, counsel argues that Mota's sentence was reasonable because Mota and the government stipulated to the statutory minimum sentence of ten years. The Court accepted that stipulation at the guilty plea colloquy and sentenced Mota in accordance with it; therefore, it became binding on the Court. *See United States v. Bernard*, 373 F.3d 399, 344 (3d Cir. 2004) (holding that "[o]nce the District Court has accepted [a plea

7

agreement under Rule 11(e)(1)(C)], it is binding."). This sentence was reasonable in light of the quantity of drugs with which Mota was apprehended and the possibility that he could have received a life sentence for his offense.

Not only are we persuaded by counsel's reasoning that he has satisfied the requirements of Rule 109.2(a), but, after conducting our own independent review of the record, we are unable to identify any other potentially non-frivolous issue to address. It is therefore appropriate to allow counsel to withdraw.

## III. Conclusion

For the foregoing reasons, we will affirm the sentence imposed on Mota by the District Court and will grant counsel's request to withdraw.